**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SAUNDERS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 17 C 9353 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Christopher Saunders has filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons stated below, the Court denies Saunders' motion and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

On July 31, 2012, a grand jury returned an indictment charging Saunders with one count of conspiring to possess with the intent to distribute and to distribute a controlled substance, namely, one kilogram or more of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 841, 846. The charged conspiracy ran from approximately November 2007 until March 2008 and included Saunders and three named co-defendants, along with co-conspirators charged in separate indictments.

A jury found Saunders guilty in May 2013, and the district court sentenced him to a below-guidelines sentence of 216 months in prison in December 2013. In January 2017, the district court reduced Saunders' sentence to 210 months based on the revised drug quantity tables, *see* 18 U.S.C. §

---

[1] On January 23, 2018, Judge Castillo denied Saunders' original § 2255 motion without prejudice. Shortly thereafter, Saunders filed a motion for leave to amend his § 2255 motion. On November 12, 2019, the Executive Committee for the Northern District of Illinois reassigned this matter based on Judge Castillo's retirement from the bench. The Court granted Saunders' motion for leave to amend on November 13, 2019.

3582(c)(2).  In the interim, Saunders appealed his conviction and sentence, and in June 2016, the Seventh Circuit affirmed.  *United States v. Saunders*, 826 F.3d 363 (7th Cir. 2016).

Saunders filed his original § 2255 motion in December 2017, and in January 2018, Judge Castillo denied Saunders' original motion without prejudice.  Saunders then filed a motion to amend his § 2255 motion.  After the Executive Committee reassigned this matter to the Court upon Judge Castillo's retirement, the Court granted Saunders' motion to amend his § 2255 filings in November 2019.  Construing Saunders' pro se amended § 2255 motion liberally, *see Chronis v. United States*, 932 F.3d 544, 554 (7th Cir. 2019), he asserts that his trial counsel was constitutionally ineffective under the Sixth Amendment.  He also argues that an intervening change in the law rendered his sentencing enhancement under 21 U.S.C. § 841(b)(1)(A) unjust.

**Legal Standard**

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice."  *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013).  To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack."  *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted).  Because Sixth Amendment ineffective assistance of counsel claims often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion.  *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

**Discussion**

*Ineffective Assistance of Counsel*

Saunders presents several arguments why his counsel provided constitutionally ineffective assistance of counsel that the Court addresses in turn.  To establish ineffective assistance of counsel

in violation of the Sixth Amendment, Saunders must show: (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms;" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* performance prong, there is a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Laux v. Zatecky*, 890 F.3d 666, 674 (7th Cir. 2018) (citation omitted). Under the *Strickland* prejudice prong, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," rather, Saunders must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693, 695. If Saunders fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *Id.* at 697.

Saunders first argues that his trial counsel was constitutionally ineffective because he did not object to an ambiguous jury instruction and verdict form in relation to the drug quantity involved. On direct appeal, Saunders argued that the district court erred by giving the jury instruction/verdict form at issue. In the context of the jury instructions as a whole, the Seventh Circuit concluded that "while the form may have been imprecise, the jury was clearly apprised that its role was to determine if the government had met its burden of proof." *Saunders*, 826 F.3d at 373. Accordingly, the jury instruction/verdict form relating to the drug quantity was not in error, therefore, Saunders' ineffective assistance of counsel claim based on this instruction and form is unavailing. *See Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018) ("an attorney is not ineffective for failing to raise a meritless argument.").

Saunders also asserts that counsel's performance was deficient at sentencing because counsel did not request that the sentencing court apply a clear and convincing standard of proof to his drug quantity calculation. Saunders' counsel, however, did object to the standard of proof in a detailed

sentencing memorandum in which he argued that the jury's finding beyond a reasonable doubt applied to the drug amounts. (12 CR 589-2, R. 209, Sent Mem., at 2-7.) Moreover, on direct appeal, the Seventh Circuit concluded that "the sentencing court was permitted to find a higher drug quantity amount by a preponderance of the evidence." *Saunders*, 826 F.3d at 373. That counsel did not request a clear and convincing standard of proof – which is not the proper standard under the circumstances – did not amount to a deficient performance under *Strickland*. *Faucett v. United States,* 872 F.3d 506, 512 (7th Cir. 2017) ("Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable.").

Next, Saunders contends that his trial counsel was constitutionally ineffective for failing to move to dismiss his indictment. In particular, Saunders asserts that the indictment did not state an offense because it failed to say that he knowingly or intentionally conspired with others to commit the underlying offense. Simply put, Saunders argues that the indictment did not set forth the requisite criminal intent for the conspiracy.

"[F]or an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute," yet "[i]t is not necessary to spell out each element, but each element must be present in context." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000) (citation omitted). With this guidance in mind, the Seventh Circuit has addressed Saunders' exact argument concluding that "criminal intent is implicit in the word 'conspire.'" *United States v. Barrios-Ramos*, 732 Fed. Appx. 457, 460 (7th Cir. 2018). Put differently, "[t]he verb 'conspire' … necessarily entails an intent to act.*" United States v. Jones*, 754 Fed. Appx. 452, 456 (7th Cir. 2018). Accordingly, trial counsel's failure to move to dismiss the indictment is entitled to the presumption that his decision was within the wide range of reasonable professional assistance. This ineffective assistance of counsel claim thus fails.

In a similar vein, Saunders argues that the conspiracy jury instruction constructively amended his indictment because the instruction stated that he "knowingly" became a member of the conspiracy with an intent to advance the conspiracy, whereas, his indictment did not state "knowingly," as discussed above. Saunders thus argues that his counsel was ineffective for failing to object to this constructive amendment of the indictment. Again, counsel's failure to object to this "amendment" to the indictment is not conduct that falls below an objective standard of reasonableness under *Strickland* because "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013).

*Intervening Change in Law*

In his last argument, Saunders asserts that the Supreme Court's 2016 decision in *Mathis* represents an intervening change in law establishing that his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was in error. In *Mathis*, the Supreme Court held that the categorical approach must be applied when determining whether a prior conviction counts as a "serious drug offense" under the Armed Career Criminal Act ("ACCA"). *Mathis v. United States*, ─── U.S. ───, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016).

Saunders was not sentenced under the ACCA, but instead his statutory minimum sentence was increased under 21 U.S.C. § 841(b)(1)(A). To explain, when a defendant is convicted of certain felony drug crimes and he has a prior conviction that qualifies as a "felony drug offense" under 21 U.S.C. § 802(44), the statutory minimum sentence is subject to an enhancement under 21 U.S.C. § 841(b)(1)(A). *See United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019).

Here, Saunders challenges one of his predicate convictions, namely, a 2000 Illinois conviction under 720 ILCS 550/5.2(c) for delivery of cannabis on school grounds, arguing that he should be resentenced because the *Mathis* categorical approach must be applied to whether this conviction was a "felony drug offense" under § 841(b)(1)(A). Saunders, however, had two qualifying

convictions for the enhancement under 21 U.S.C. § 841(b)(1)(A), including a 1999 Illinois conviction for possessing a controlled substance in violation of 720 ILCS 570/402(c). Because Saunders does not challenge this second predicate felony drug offense – and only one predicate felony drug offense is needed to enhance his sentence – his argument based on *Mathis* is unavailing.

**Certificate of Appealability**

Under § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Rather, Saunders is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right, which requires him to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (citation omitted).

Saunders has not established whether a reasonable jurist would debate that his claim based on *Mathis* should have been resolved in a different manner nor that reasonable jurists could debate that he received ineffective assistance of counsel. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

SO ORDERED

Sharon Johnson Coleman
United States District Judge

DATED: 4/10/2020